# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) B.L., a minor, by and through BRANDON LYLE and SUSAN LYLE;

(2) ELYJAH PERKINS, individually

(3) K.L., a minor, by and through, SAMANTHA COE;

(4) HUNTER STEPHENS, individually;

(5) KYLE SIMMONS, individually;

(6) KAEDON WADE, individually;

(7) CONNOR LONGEST, individually;

(8) H.R., a minor, by and through CRAIG ROBERTS; and

(9) KARSON DANIEL, individually,

        Plaintiffs,

v.

Case No. CIV-24-37-JD

(1) INDEPENDENT SCHOOL DISTRICT NO. 14 OF JEFFERSON COUNTY, OKLAHOMA, a/k/a RINGLING PUBLIC SCHOOLS, a/k/a RINGLING SCHOOL DISTRICT;

Jury Trial Demanded
Attorney Lien Claimed

(2) PHILIP KOONS, individually;

(3) KENT SOUTHWARD, individually;

(4) STERLING KOONS, individually; and

(5) COOPER KOONS, individually;

        Defendants.

**PLAINTIFFS' ORIGINAL COMPLAINT**

**COME NOW** the above-named Plaintiffs by and through Counsel, Tod S. Mercer and Cameron Spradling, and for their causes of action against the Defendants, Independent School District No. 14 of Jefferson County also known as Ringling Public Schools and Ringling School District, Philip Koons, Kent Southward, Sterling Koons and Cooper Koons, and allege and state as follows:

## I. THE PARTIES

1. Plaintiffs are all current or former male students at Ringling High School who are each citizens of the State of Oklahoma and residents of this judicial district.

2. The named Plaintiffs are young men and are current or former students of Ringling Public Schools that played football for Philip Koons.

3. The Plaintiffs that are identified by initials only are males under the age of 18 and are current or former students of Ringling Public Schools that played football for Philip Koons.

4. Defendant Independent School District No. 14 of Jefferson County, a/k/a Ringling Public Schools and Ringling School District ("RSD") is an independent school district organized under the laws of the State of Oklahoma with its principal place of business in this judicial district.

5. Philip Koons ("Koons" or "Coach Koons") served as the Principal and Head Football Coach of Ringling High School since he was hired in 2018. Koons is a citizen of the State of Oklahoma and a resident of this judicial district.

6. Kent Southward is the Superintendent of Ringling Public Schools. Kent Southward is a citizen of the State of Oklahoma and is a resident of this judicial district.

7. Sterling Koons ("SK") is the son of Philip Koons and served as a teacher and Assistant Football Coach of Ringling High School football team. Sterling Koons is a citizen of the State of Oklahoma and a resident of this judicial district.

8. Cooper Koons ("CK") is the son of Philip Koons and served as a teacher and Assistant Football Coach of the Ringling High School football team. Cooper Koons is a citizen of the State of Oklahoma and a resident of this judicial district.

## II. NON-PARTY ACTORS

9. Shelley Koons is the wife of Philip Koons and serves as a counselor for Ringling High School. Shelley Koons is a citizen of the State of Oklahoma and a resident of this judicial district.

10. Carly Koons is the daughter of Philip Koons and served as teacher and Track Coach for Ringling High School. Carly Koons is a citizen of the State of Oklahoma and is a resident of this judicial district.

11. Erin Koons is the wife of Sterling Koons and an employee of Ringling Public Schools. Erin Koons is a citizen of the State of Oklahoma and is a resident of this judicial district.

12. Jackie Matherly is the Elementary School Principal for Ringling Public Schools. Jackie Matherly is a citizen of the State of Oklahoma and is a resident of this judicial district.

## III. JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because some of Plaintiffs' claims arise under federal law, including Title IX of the

Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* The Court has supplemental jurisdiction over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

14. The Court has personal jurisdiction over all of the Defendants because they are all citizens of the State of Oklahoma and this judicial district.

15. Venue is proper in this judicial district because Plaintiffs' causes of action arose in a county that is situated in the Western District of Oklahoma.

IV. FACTUAL BACKGROUND

16. The Ringling School District had a duty to provide students a safe learning environment for its students.

17. Ringling School District made a conscious choice to breach its duty to provide students a safe learning environment when the Ringling Board of Education hired Philip Koons as High School Principal and football coach in 2018.

18. Since 2018, the Ringling School District has maintained an athletic program that condones and encourages child abuse, hazing, bullying, grooming, and disregard for civil rights.

19. Minor children have been mentally, physically, verbally and sexually abused by Coach Koons, Sterling Koons, Cooper Koons and Kent Southward.

20. Minor children have been hazed, bullied, humiliated and harassed by Coach Koons, Sterling Koons, Cooper Koons and Kent Southward.

21. Minor children have had their civil rights violated by Coach Koons, Sterling Koons, Cooper Koons and Kent Southward.

22. When RSD hired Philip Koons in 2018, the Ringling Board of Education was well aware of his reputation for abusing student athletes at his prior coaching jobs at Tuttle and Clinton, but the Board made a conscious decision to hire him despite his sordid past.

23. The Ringling Board of Education and the Superintendent Kent Southward were deliberately indifferent to Coach Koons' abusive treatment of players and students and did nothing to prevent him from further abuse.

24. Phil Koons was employed by Tuttle Public Schools for 21 years resigning in 2014 amid allegations of inappropriate and abusive behavior. According to an article published by the Oklahoma College of Public Affairs in November 2016, several students claimed that after what he considered a poor performance by the team, Koons stood before the assembled players and pulled down his trousers and underwear exposing his genitalia and gesturing toward it saying: "Boys, this is a dick. You gotta have one of these to play football." The article states that after a weekend of social media outrage, Koons resigned his position as Head Football Coach.

25. Despite knowledge of Philip Koons' bizarre past history of allegedly abusing student athletes at Tuttle and Clinton, and the parents' and other citizens' concerns over hiring Philip Koons as head coach and principal, the Ringling Board of Education did nothing to monitor his conduct and protect the Ringling students from similar abuse.

26. Despite having knowledge of Koon's prior sexual, physical, mental abuse and verbal attacks, the RSD did not notify law enforcement, the Department of Human Services, the Oklahoma State Department of Education or other parents until he was finally temporarily suspended.

27. Because of the RSD's lack of response to Koons' prior abusive misconduct, the RSD allowed Koons to remain on campus and be a threat to other students, like Plaintiffs herein.

28. RSD also facilitated Koons' access to young boys during school and at football practice. For example, in his role as head coach and principal, he was allowed to be in contact with young boys on a daily basis, many times while not in the presence of other adults.

29. No one at RSD was monitoring Koons despite their knowledge of his prior abusive misconduct at Tuttle and Clinton.

30. RSD put Koons in situations where he was unsupervised and he could take advantage of young boys, who were intimidated, scared and afraid to report his abusive behavior, making it difficult for the school or anyone else to know how many more victims Koons has and what he may have done to them.

31. Following the public disclosure of his abuse of the players at Ringling in February 2023 at a board meeting, the local authorities launched an investigation into Koons' misconduct. Soon thereafter, the case was turned over to the OSBI.

32. Koons was charged in Jefferson County District Court with Outrage of Public Decency in October 2023.

33. On January 3, 2024 Koons plead "No Contest" to the charge and he is set to be sentenced March 12, 2024 at 9:00 a.m.

34. RSD failed to implement and/or execute policies in regard to the reporting of physical, mental and sexual abuse to authorities and state agencies to protect students from

further abuse and to end the access to students of suspected abusers. These failures resulted in the deprivation of Plaintiffs' constitutional, statutory, and common-law rights.

35. RSD failed to ensure that all of its employees, including administrators, were properly hired, trained, retained, and supervised to perform their jobs.

36. RSD is responsible for the acts and omissions of its employees, including its administrators, during the course and scope of their employment.

37. At all relevant times described, Kent Southward, Philip Koons, Sterling Koons and Cooper Koons were acting in the course and scope of their employment with RSD.

38. RSD is responsible for the acts and omissions of Kent Southward, Philip Koons, Sterling Koons and Cooper Koons and any other school district employees who had knowledge of their activities as described herein.

39. RSD is also responsible for the acts and omissions of Kent Southward, with respect to his failure, as a Ringling Superintendent, to properly train school employees and implement and/or execute policies regarding the investigating and reporting of physical, mental and sexual abuse and misconduct.

40. RSD should provide a safe learning environment for its students, free from child abusers.

41. RSD failed to provide a safe learning environment for Plaintiffs,

42. Plaintiffs were physically, mentally, sexually and emotionally abused by Kent Southward, Philip Koons, Sterling Koons and Cooper Koons and the District's failure to adequately respond to Koons' abusive behavior and inappropriate misconduct.

# I. CAUSES OF ACTION

## Count 1 – Violations of 42 U.S.C. § 1983
### (Against Ringling School District)

1. Under the Fifth and Fourteenth Amendments, Plaintiffs had the right to Due Process and Equal Protection of the Law.

2. At all times relevant hereto, it was clearly established that Plaintiffs had fundamental rights to physical safety and to be free from the infliction of unnecessary pain.

3. At all times relevant hereto, Defendant Ringling School District was a state actor, acting under the color of state law.

4. Defendant Ringling School District denied Plaintiffs their right to Due Process and Equal Protection of the Law by:

   a. enacting inadequate policies, specifically regarding the reporting of suspected child abuse, harassment and discrimination to law enforcement;

   b. failing to enact and implement adequate policies concerning mental and physical abuse of students by adults on campus;

   c. failing to remove suspected child abusers from campus;

   d. failing to remove students from classrooms or offices occupied by suspected child abusers;

   e. failing to investigate the named Defendants properly before and after these referenced allegations;

   f. failing to train and supervise the named Defendants properly;

g.  failing to hire, train, and supervise the named Defendants and other teachers and/or administrators properly;

h.  failing to report sexual misconduct to law enforcement;

i.  failing to report sexual misconduct to parents of students;

j.  failing to investigate the named Defendants misconduct;

k.  continuing to employ the named Defendants and allow them unfettered, unsupervised interaction with students;

l.  failing to adequately train and supervise the Ringling School District's staff and employees;

m.  failing to enact policies and procedures designed to protect students; and

n.  exhibiting deliberate indifference to the racism, sexism, physical abuse, mental abuse and sexual abuse, discrimination and/or sexual discrimination directed at Plaintiffs and others like them.

5. Ringling School District has an unconstitutional custom or policy of:

a.  failing to properly investigate criminal misconduct against students;

b.  failing to report criminal misconduct against students;

c.  discounting the credibility of students' and parents' allegations;

d.  failing to adequately train and supervise employees with regard to the investigation and reporting of physical, mental and sexual abuse of students;

  e. failing to enact policies and procedures for the safety and protection of students; and

  f. failing to enact policies that require adherence to reporting requirements.

6. Ringling School District's custom or policy was demonstrated by the fact that Ringling School District knowingly chose to hire Philip Koons, despite being on notice of his long history of bizarre allegations of student athlete abuse at Tuttle and Clinton, and many citizens of the district opposing his hire.

7. Ringling School District's policy is attributable to municipal policymakers including, but not limited to, Superintendent Kent Southward and the Ringling School District Board of Education.

8. The inadequate policies and resulting failures to train, allowed the named Defendants, as Ringling School District employees, to violate Plaintiffs' constitutional rights to equal protection and due process.

9. Further, Ringling affirmatively acted to create, or increase Plaintiffs exposure and/or vulnerability to, or danger from, the named Defendants' misconduct.

10. Physical, mental and sexual abuse of students at a high school and during school hours is a danger to those students.

11. A school environment where children are physically, mentally and sexually abused by adults is a dangerous environment.

12. Ringling School District was a dangerous environment for its students, including Plaintiffs herein.

13. Ringling School and activities sponsored by and under the supervision and control of Ringling School were dangerous environments for its students, including Plaintiffs herein.

14. Plaintiffs were members of a limited and specifically definable group, namely, minor male student athletes that were being subjected to racism, physical, mental and sexual abuse, psychological abuse, harassment, discrimination, sexual discrimination, and threats of violence.

15. Ringling School District created the danger or increased Plaintiffs' vulnerability to the danger by effectively ignoring the toxic culture Philip Koons maintained.

16. Ringling School District's conduct put Plaintiffs, and others like them, at substantial risk of serious, immediate, and proximate harm. That risk included the risk of being physically, mentally and sexually abused while at Ringling School and during school activities.

17. Plaintiffs, and other students, were abused by the named Defendants *after* Ringling School District had notice of Philip Koons' prior misconduct.

18. The risk of danger was obvious and known to Ringling School District, including the Superintendent, due to disclosure of Koons' prior misconduct even before he was hired and continually throughout his tenure.

19. Ringling School District's actions and inactions created an opportunity for the named Defendants to continue to abuse students, including Plaintiffs, and possibly other students, as those actions stripped necessary aid from Plaintiffs and others. Reporting

the misconduct to law enforcement and/or victims' parents could have enabled law enforcement, regulatory bodies like DHS or the OSDE, or parents to have protected Plaintiffs, and other students, from Smith's predatory behavior, including by removing the named Defendants from Ringling School District, removing Plaintiffs and/or other students from Ringling School District, or otherwise preventing the named Defendants from further access to Ringling students, including Plaintiffs herein.

20. Ringling School District acted recklessly in conscious disregard of this risk.

21. Ringling School District's conduct shocks the conscience.

22. Ringling School District's and its officials' failings as described above resulted in Plaintiffs and other students suffering severe emotional distress, psychological damage, significant pain and suffering, and/or personal humiliation.

**SECOND CAUSE OF ACTION
AGAINST DEFENDANT RINGLING PUBLIC SCHOOLS
<u>VIOLATION OF TITLE IX</u>**

1. Plaintiffs incorporate by reference the above and foregoing paragraphs as though set forth in full herein.

2. Plaintiffs assert this cause of action against Defendant Ringling Public Schools only.

3. Title IX of the Education Amendments Act of 1972 ("Title IX") provides that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

4. Defendant Ringling Public Schools is an educational institution that receives Federal financial assistance. Therefore, Defendant Ringling Public Schools has an obligation to comply with the terms and provisions of Title IX.

5. Physical, psychological and sexual abuse of male students are forms of discrimination on the basis of sex and are actionable claims under Title IX. *Franklin v. Gwinnett County Pub. Schools,* 503 U.S. 60, 75 (1992).

6. Defendant Ringling Public Schools was deliberately indifferent to acts of physical abuse, psychological abuse, sexual abuse, harassment, sexual harassment and/or sexual discrimination as set forth herein.

7. Defendant Ringling Public Schools' employees had actual knowledge of the abuse, harassment and/or discrimination, as set forth herein.

8. The employees who had actual knowledge of the abuse and harassment had the authority to take corrective action to end the unlawful conduct, yet did not do so.

9. The abuse, harassment and/or discrimination suffered by Plaintiffs was so severe, pervasive and objectively offensive that it deprived each of them of access to the educational benefits or opportunities provided by the school.

10. As a direct and proximate result of Defendant Ringling Public Schools' violations of Title IX, Plaintiffs have endured physical pain and suffering, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, inconvenience, loss of enjoyment of life, and other nonpecuniary losses, all to their detriment, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE Plaintiffs pray for judgment against Defendant Ringling Public Schools as follows:

(1) For their actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in an amount to be determined by the jury at the time of trial;

(2) For punitive and exemplary damages in an amount to be determined by the jury at the time of trial;

(3) For a reasonable attorney's fee;

(4) For court costs;

(5) For pre-judgment and post-judgment interest as allowed by law; and

(6) For any other such and further relief as the Court or jury deems just and equitable that is allowed by law and justified by the factual record.

Submitted by:

*/s/ Tod S. Mercer*_____
**TOD S. MERCER**
Oklahoma Bar Association No. 14157
**MERCER LAW FIRM P.C.**
500 East Choctaw Avenue
McAlester, OK 74501
Phone: (918) 420-5850
Facsimile: (918) 420-5855
Tod@TodMercerLaw.com

-and-

**CAMERON SPRADLING**
Oklahoma Bar Association No. 8509

500 N. Walker Ave, Suite 100  
Oklahoma City, OK 73102  
Telephone:   405.605.0610  
Facsimile:    405.605.0615  
Cameron@CameronSpradling.com

ATTORNEYS FOR PLAINTIFFS

JURY TRIAL DEMANDED.

ATTORNEY LIEN CLAIMED.