# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) B.L., a minor, by and through §
BRANDON LYLE and SUSAN LYLE; §
§
(2) ELYJAH PERKINS, individually; §
§
(3) K.L., a minor, by and through, §
SAMANTHA COE; §
§
(4) HUNTER STEPHENS, individually; §
§
(5) KYLE SIMMONS, individually; §
§
(6) KAEDON WADE, individually; §
§
(7) CONNOR LONGEST, individually; §
§
(8) H.R., a minor, by and through §
CRAIG ROBERTS; and §
§
(9) KARSON DANIEL, individually; §
§
Plaintiffs, §
v. § Case No. 24-cv-00037-JD
§
(1) INDEPENDENT SCHOOL DISTRICT NO. 14 § *Jury Trial Demanded*
OF JEFFERSON COUNTY, OKLAHOMA, §
a/k/a RINGLING PUBLIC SCHOOLS, a/k/a § *Attorney Lien Claimed*
RINGLING SCHOOL DISTRICT; §
§
(2) PHILIP KOONS, individually; §
§
(3) KENT SOUTHWARD, individually; §
§
(4) STERLING KOONS, individually; and §
§
(5) COOPER KOONS, individually; §
§
Defendants. §

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, by and through their attorneys of record and for their First Amended Complaint[1] against the above-named Defendants, based on information and belief, allege and state as follows:

## I.    THE PARTIES

1.    Plaintiffs are all current or former male students at Ringling High School and are citizens of the State of Oklahoma and residents of this judicial district.

2.    All the named Plaintiffs are young men and are current or former students at Ringling Public Schools and played football for Head Coach Philip Koons.

3.    Plaintiffs identified by initials are males under the age of 18.

4.    Defendant Independent School District No. 14 of Jefferson County, a/k/a Ringling Public Schools a/k/a Ringling School District ("RSD" or "School District") is an independent school district organized under the laws of the State of Oklahoma with its principal place of business in this judicial district.

---

[1] Before the Court is the Motion to Dismiss of Defendants Philip Koons, Sterling Koons, and Cooper Koons [Doc No. 17] and the Motion to Dismiss of Defendant Kent Southward [Doc No 19]. Defendant School district has answered [Doc No 18]. Subsequent to the filing of the Motion(s) to Dismiss, Plaintiffs now file an Amended Complaint. "The [A]mended Complaint, as the operative complaint supersedes the original complaint's allegations[.]" *May v. Segovia,* 929 F.3d 1223, 1229 (10th Cir. 2019).  Thus, those allegations are of "no legal effect." *Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1991). Plaintiffs' counsel files the instant Plaintiffs' First Amended Complaint in accordance with Rule 11., F.R.Civ.P., "to frame a 'complaint with enough factual matter (taken as true) to suggest' that he … is entitled to relief," *Robbins v. Oklahoma*, 519 F.3d 1242,1247 (10th Cir. 2008)(*quoting Twombly*, 550 U.S. at 556).

5.     Philip Koons ("Koons" or "Coach Koons") served as the Principal and Head Football Coach of Ringling High School since he was hired in 2018.  Coach Koons is the shot-caller among all past and present Ringling assistant football coaches working under him. Coach Koons was the head football coach during the relevant time that Plaintiffs were students at the School District and members of the football team. As Principal, Koons was designated by the School District to receive complaints of child abuse, bullying, harassment, discrimination, sexual misconduct and other grievances although he personally participated in the child abuse, bullying, harassment, discrimination, sexual misconduct and other grievances that occurred as described in full below. Koons is a citizen of the State of Oklahoma and a resident of this judicial district. Philip Koons is sued in his individual capacity only.

6.     Kent Southward is the Superintendent of Ringling Public Schools. Southward was the Superintendent during the relevant time that Plaintiffs were students at the School District students and members of the football team. As Superintendent, Southward served as the Title IX District decision maker regarding child abuse, bullying, harassment, discrimination, sexual misconduct and other grievances although he personally participated in covering up the child abuse, bullying, harassment, discrimination, sexual misconduct and other grievances as described in full below. Kent Southward is a citizen of the State of Oklahoma and a resident of this judicial district. Southward is sued in his individual capacity only.

7.     Sterling Koons ("Sterling") is the son of Philip Koons and served as a teacher and Assistant Football Coach of Ringling High School football team.  Sterling was an

assistant football coach during the relevant time that Plaintiffs were students at the School District and members of the football team. Sterling Koons personally participated in the child abuse, bullying, harassment, discrimination, sexual misconduct and other grievances that occurred as described in full below. Sterling Koons is a citizen of the State of Oklahoma and a resident of this judicial district. Sterling Koons is sued in his individual capacity only.

8.     Cooper Koons ("Cooper") is the son of Philip Koons and served as a teacher and Assistant Football Coach of the Ringling High School football team. Cooper was an assistant football coach during the relevant time that Plaintiffs were students at the School District and members of the football team. Cooper Koons personally participated in the child abuse, bullying, harassment, discrimination, sexual misconduct and other grievances that occurred as described in full below. Cooper Koons is a citizen of the State of Oklahoma and a resident of this judicial district. Cooper Koons is sued in his individual capacity only.

## II.     NON-PARTY ACTORS

9.     Shelley Koons is the wife of Philip Koons and serves as a counselor for Ringling High School. Shelley Koons is a citizen of the State of Oklahoma and a resident of this judicial district.

10.     Carly Koons is the daughter of Philip Koons and served as teacher and Track Coach for Ringling High School. Carly Koons is a citizen of the State of Oklahoma and a resident of this judicial district.

11.     Erin Koons is the wife of Sterling Koons and an employee of Ringling Public Schools. Erin Koons is a citizen of the State of Oklahoma and a resident of this judicial district.

12.     Jackie Matherly is the Elementary School Principal for Ringling Public Schools. Jackie Matherly is a citizen of the State of Oklahoma and a resident of this judicial district.

### III.     JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because some of Plaintiffs' claims arise under federal law, including Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* The Court has supplemental jurisdiction over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

14.     The Court has personal jurisdiction over the Defendants because they are all citizens of the State of Oklahoma and this judicial district.

15.     Venue is proper in this judicial district because Plaintiffs' causes of action arose in a county that is situated in the Western District of Oklahoma.

### IV.     FACTUAL BACKGROUND

16.     The Ringling School District had a duty to provide students a safe learning environment for its students.

17.     Ringling School District made a conscious choice to breach its duty to provide students a safe learning environment when the Ringling Board of Education hired Philip Koons as High School Principal and head football coach in 2018.

18.     Since 2018, the Ringling School District has maintained an athletic program that condones and encourages child abuse, bullying, harassment, discrimination, sexual misconduct and disregard for civil rights.

19.     Minor children have been mentally, physically, verbally and abused by Coach Koons, Sterling Koons, Cooper Koons, and Kent Southward.

20.     Minor children have been abused, bullied, harassed, discriminated against by Coach Koons, Sterling Koons, Cooper Koons, and Kent Southward.

21.      Minor children have had their civil rights violated by Coach Koons, Sterling Koons, Cooper Koons, and Kent Southward.

22.     When RSD hired Philip Koons in 2018, the Ringling Board of Education was aware of his reputation for abusing student athletes at his prior coaching jobs at Tuttle and Clinton, but the Board made a conscious decision to hire him despite his sordid past.

23.     The Ringling Board of Education and the Superintendent Kent Southward were deliberately indifferent to Coach Koons's abusive treatment of players and students and did nothing to prevent them from further abuse.

24.     Before coming to Ringling Public Schools, Coach Philip Koons had a history of abusing football players. At Tuttle Public Schools it was confirmed by the Tuttle Superintendent that Coach Koons referred to a player as a "p***y" and a "c**t", a crass reference to female genitalia. The mother of the senior player stated that the taunting had a terrible impact on her son, "It was to the point to where […] wanted to commit suicide,

that's not something anyone wants for their child."[2]

25.     Eight months after these confirmed allegations Philip Koons resigned from Tuttle Public Schools after speculation "that a similar controversy might be brewing."[3]

26.     After Tuttle, Philip Koons went to Clinton Public Schools. In September of 2016, three games into his third season Coach Koons "exited the program with rumors of an incident with players."[4]

27.     The Oklahoma Council of Public Affairs investigated and "[a]ccording to the statements of several students, Koons stood before the assembled players and lowered his trousers and underwear. After exposing his genitalia, the boys said he gestured toward his groin and spoke, 'Boys, this is a d——. You gotta have one of these to play football.'"[5]

28.     Despite having knowledge of Philip Koons's bizarre history of abusing student athletes at Tuttle and Clinton, and despite the raised concerns of the Ringling community members and parents, the Ringling School District hired Philip Koons as its

---

[2] *See Family wants high school coach fired after harsh words,* KFOR, (September 6, 2013). https://kfor.com/news/family-wants-high-school-coach-fired-after-harsh-words/

[3] *See* Scott Wright, *Tuttle board accepts football coach Philip Koons' resignation,* THE OKLAHOMAN, (April 18, 2014). https://www.oklahoman.com/story/sports/college/cowboys/2014/04/18/tuttle-board-accepts-football-coach-philip-koons-resignation/60831095007/

[4] *See* Jacob Unruh, *Clinton football coach Phil Koons resigns,* THE OKLAHOMAN, (September 13, 2016). https://www.oklahoman.com/story/sports/columns/2016/09/13/clinton-football-coach-phil-koons-resigns/60651881007/

[5] *See* Jay Chilton, *Coach's Alleged Acts Raise Questions In Clinton*, OCPA, (November 17, 2016). https://ocpathink.org/post/independent-journalism/coachs-alleged-acts-raise-questions-in-clinton

Head Football Coach and Principal at a special board meeting on Wednesday, January 25, 2018.[6]

29.    Once hired, the Ringling Board of Education did nothing to monitor Koons's conduct and protect Ringling students and football players from similar abuse.

30.    RSD facilitated Koons's access to young boys during school and at football practice. For example, in his role as head coach and principal, he was allowed to be in contact with young boys daily, while not in the presence of other adults.

31.    As those concerned parents and citizens of Ringling predicted, Koons continued his mistreatment and abuse towards Ringling High School football players.

32.    Philip Koons, Sterling Koons, and Cooper Koons intimidated players in their office and in the locker room and were constantly cussing, humiliating, and yelling at them in an inappropriate manner. Players were repeatedly told that they were nothing and would never become anything in life. Philip Koons often told players he would ruin their lives if they didn't do what he wanted.

33.    Philip Koons, Sterling Koons, and Cooper Koons frequently called football players derogatory names not only during practices and games but also while in class surrounded by their peers. Some examples are "pussy", "bastard", "curly headed fuck", "skinny", "fat asses", "no-good fuck", "bitch", "inbred", "stupid", "retards", "idiots", "morons", "fags", "dumb asses", "fuck ups", "mistakes", "pot heads", "peasants",

---

[6] *See* Andrew Freeman, *Ringling residents divided over controversial coaching hire,* KXII, (January 25, 2018). https://www.kxii.com/content/news/Residents-divided-over-controversial-coaching-hire-471210243.html

"cowards", "just a bunch of inbred retards", "cancers to his program", collectively referring to the team as "a dead horse", etc.

34.     Philip Koons, Sterling Koons, and Cooper Koons used racial slurs about opposing players and referees, calling their own players "niggers", "stupid African", "jigaboos", and "porch monkeys" and calling the referees "stupid nigger refs", "blind old fuckers", "cheating faggots", etc.

35.     On multiple occasions, Philip Koons called the parents and people in the community "inbred idiots" during locker room speeches, saying how the stupid inbreeds of this town need to shut up because they don't know what they are talking about.

36.     Philip Koons would often cuss students out in the hall at school during school hours and talk about the females on the teaching staff in a sexual manner.

37.     One Plaintiff had a hernia in his genital area. Philip Koons forced that player to show him his genitals to prove to him that he wasn't "a pussy that just wanted to skip workouts".

38.     Philip Koons repeatedly told one Plaintiff that he had no soul because of the natural red color of his hair.

39.     Philip and Sterling Koons would harass students for not being in athletics or, if in athletics, for missing a practice even if it was because of an appointment or for being sick. When an athlete would miss an athletics period for whatever reason whether the coaches know where they were or not, they were automatically called pussy's or cowards by the coaching Koons family.

40.     One Plaintiff missed practice to attend his older brothers' graduation in Illinois.  Sterling Koons began texting the young player and telling him that if he ever wanted to play football again, he better start bear crawling his "pussy ass" back home. Sterling Koons continued to send these threatening texts the entire time this Plaintiff was gone. Upon his return, this player was forced to do two hours of bear crawls at the next practice and was then kicked off the team. When his mother went to the school to speak with Philip Koons, she was told that she was the reason her son was a "pussy ass nigger" and threw her out of his Principal's office.

41.     Philip Koons has called baseball and basketball sports for "pussy faggots".

42.     Sterling Koons called a Plaintiff a "pussy ass mother fucker" when he decided to play baseball instead of football. Soon thereafter, Philip Koons asked the same Plaintiff if he was going to play football that year. When he was told "no sir", Philip Koons called him a "bitch". Later that same day at lunch, Philip Koons grabbed this Plaintiff's backpack in front of other students and dumped all his belongings onto the floor and told him it was because he was now a "deadbeat ex wanna be football player".

43.     After practice one day, when the players were showering and getting dressed, a few guys began popping each other with towels. Philip Koons got angry, began cursing at his players, and made everyone stop where they were and do up downs on the turf locker room floor.  While some of the players were already dressed in their underwear, most were "naked" while doing these forced up downs for an extended period of time some endured burns on their private parts from the forced ordeal. The players expressed amongst themselves feelings of being harassed, exposed, and shamed.

44. Philip Koons challenged players to fight him in the locker room after practice simply because of a certain look on the players face, and Sterling Koons and Cooper Koons challenged players to fight them during practice. These challenges were not uncommon.

45. Philip Koons specifically drew up a play where only a specific black player would get the ball and he called the play "monkey". When the play was to be run during a game, Philip Koons would make monkey noises from the sideline to alert the team of the play.

46. These type of events occurred numerous times and affected Plaintiffs mentally, emotionally, and physically. They have expressed feelings of depression and constantly feeling like they are not good enough and that they are terrible people. They have felt pressured and controlled when they were anywhere around the coaches.

47. Despite having knowledge of Koons's sexual, physical, mental abuse and verbal attacks, the RSD did not notify law enforcement, the Department of Human Services ('DHS"), the Oklahoma State Department of Education ("OSDE") or parents.

48. The RSD allowed Koons to remain on campus and be a threat to other students, like Plaintiffs herein.

49. No one at RSD was monitoring Koons despite their knowledge of his prior abusive misconduct at Tuttle and Clinton.

50. RSD put Koons in situations where he was unsupervised and could take advantage of young boys, who were intimidated, scared and afraid to report his abusive behavior, making it difficult for the school or anyone else to know how many more victims Koons had and what he may have done to them.

51.     Following the public disclosure of his abuse of the players at Ringling in February of 2023 at a board meeting, the local authorities launched an investigation into Koons's misconduct. Soon thereafter, the case was turned over to the Oklahoma State Bureau of Investigation ("OSBI").

52.     Philip Koons was charged in Jefferson County District Court with Outraging Public Decency pursuant to 21 O.S. § 22 on October 17, 2023, regarding his conduct directed at the Plaintiffs.[7]

53.     On January 3, 2024, Koons pled "No Contest" to the criminal charge.[8] On January 12, 2024, Coach Koons withdrew his plea of no contest.[9] Koons withdrew his plea because he became aware of the Court's intention to punish him severely. On March 12, 2024, the Honorable Dennis L. Gay allowed Coach Koons to withdraw his plea.[10]  As of this date, this criminal matter had not been set for trial.

54.     RSD failed to implement and/or execute policies regarding the reporting of physical, mental, emotional, and sexual abuse to authorities and state agencies to protect students from further abuse and to end the access to students by suspected abusers. These

_____

[7] *See* Information, *State of Oklahoma vs. Koons,* Case No. CM-2023-53, Dist. Ct. Jefferson Cty, (October 17, 2023).

[8] *See* Plea of Nolo Contendere, *State of Oklahoma vs. Koons,* Case No. CM-2023-53, Dist. Ct. Jefferson Cty, (January 2, 2024).

[9] *See* Defendant's Motion to Withdraw No Contest Plea, *State of Oklahoma vs. Koons,* Case No. CM-2023-53, Dist. Ct. Jefferson Cty, (January 12, 2024).

[10] *See* Order Allowing Defendant to Withdraw Pleas of No Contest, *State of Oklahoma vs. Koons,* Case No. CM-2023-53, Dist. Ct. Jefferson Cty, (March 12, 2024).

failures resulted in the deprivation of Plaintiffs' constitutional, statutory, and common-law rights.

55. RSD failed to ensure that all of its employees, including administrators, were properly hired, trained, retained, and supervised to perform their jobs.

56. RSD is responsible for the acts and omissions of its employees, including its administrators, during the course and scope of their employment.

57. At all relevant times described, Kent Southward, Philip Koons, Sterling Koons, and Cooper Koons were acting in the course and scope of their employment with RSD.

58. RSD is responsible for the acts and omissions of Kent Southward, Philip Koons, Sterling Koons, and Cooper Koons and any other school district employees who had knowledge of their activities as described herein.

59. RSD is also responsible for the acts and omissions of Kent Southward, with respect to his failure, as a Ringling Superintendent, to properly train school employees and implement and/or execute policies regarding the investigating and reporting of physical, mental, emotional, sexual abuse, and misconduct.

60. RSD should provide a safe learning environment for its students, free from child abusers.

61. RSD failed to provide a safe learning environment for Plaintiffs,

62. Plaintiffs were physically, mentally, sexually, and/or emotionally abused by Kent Southward, Philip Koons, Sterling Koons and Cooper Koons and the District's failure to adequately respond to Koons's abusive behavior and inappropriate misconduct.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANT RINGLING SCHOOL DISTRICT
## <u>VIOLATION OF FOURTEETH AMENDMENT AND 42 U.S.C. § 1983</u>

63. Plaintiffs incorporate by reference the above and foregoing allegations as though set forth in full herein.

64. The Fourteenth Amendment to the United States Constitution provides in part that no State shall "deprive any person of life, liberty, or property, without due process of law" and that no State shall "deny any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV.

65. Under the Fifth and Fourteenth Amendments, Plaintiffs had the right to Due Process and Equal Protection of the Law.

66. It is and was at all relevant times clearly established law in the Tenth Circuit that public officials acting under color of law and school districts "can be liable for the acts of third parties where those officials 'created the danger' that caused the harm." *Seamons v. Snow*, 84 F.3d 1226, 1236 (10th Cir. 1996).

67. It is and was at all relevant times clearly established law in the Tenth Circuit that public officials acting under color of law and school districts can be held liable for sexual harassment and sexual assault by public school teachers is a violation of the equal protection clause. *See, e.g., Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989).

68. This count is brought by Plaintiffs # 1 – 9 against Defendant Ringling School District.

69.     Plaintiffs # 1-9 were each subjected to a severe or pervasive hostile educational environment that interfered unreasonably with their school performance and created a hostile or abusive educational environment.

70.     Defendant Ringling School District employees created the danger or increased Plaintiffs # 1 – 9's vulnerability to danger, in that the Defendants' deliberate indifference to credible reports of physical, mental, sexual, and emotional abuse of its football players.

71.     At all times relevant hereto, it was clearly established that Plaintiffs had fundamental rights to physical safety and to be free from the infliction of unnecessary pain.

72.     At all times relevant hereto, Defendant Ringling School District was a state actor, acting under the color of state law.

73.     Defendant Ringling School District denied Plaintiffs their right to Due Process and Equal Protection of the Law by:

    a.    enacting inadequate policies, specifically regarding the reporting of suspected child abuse, harassment and discrimination to law enforcement;

    b.    failing to enact and implement adequate policies concerning mental and physical abuse of students by adults on campus;

    c.    failing to remove suspected child abusers from campus;

    d.    failing to remove students from classrooms or offices occupied by suspected child abusers;

e. failing to investigate the named Defendants properly before and after these referenced allegations;

f. failing to train and supervise the named Defendants properly;

g. failing to hire, train, and supervise the named Defendants and other teachers and/or administrators properly;

h. failing to report misconduct to law enforcement;

i. failing to report misconduct to parents of students;

j. failing to investigate misconduct;

k. continuing to employ the named individual Defendants and allow them unfettered, unsupervised interaction with students;

l. failing to adequately train and supervise the Ringling School District's staff and employees;

m. failing to enact policies and procedures designed to protect students; and

n. exhibiting deliberate indifference to the racism, sexism, physical abuse, mental abuse and sexual abuse, discrimination and/or sexual discrimination directed at Plaintiffs and others like them.

74. Ringling School District has an unconstitutional custom or policy of:

a. failing to properly investigate criminal misconduct against students;

b. failing to report criminal misconduct against students;

c. discounting the credibility of students' and parents' allegations;

d.	failing to adequately train and supervise employees with regard to the investigation and reporting of physical, mental and sexual abuse of students;

e.	failing to enact policies and procedures for the safety and protection of students; and

f.	failing to enact policies that require adherence to reporting requirements.

75.	Ringling School District's custom or policy was demonstrated by the fact that Ringling School District knowingly chose to hire Philip Koons, despite being on notice of his long history of bizarre student athlete abuse at Tuttle and Clinton, and that many citizens of the district opposed his hiring.

76.	Ringling School District's policy is attributable to municipal policymakers including, but not limited to, Superintendent Kent Southward and the Ringling School District Board of Education.

77.	The inadequate policies and resulting failures to train, allowed the named Defendants, as Ringling School District employees, to violate Plaintiffs' constitutional rights to equal protection and due process.

78.	Further, the Ringling School District affirmatively acted to create, or increase Plaintiffs exposure and/or vulnerability to, or danger from, the named individual Defendants' misconduct.

79.	Physical, mental, and sexual abuse of students at a high school and during school hours is a danger to those students.

80.     A school environment where children are physically, mentally, and sexually abused by adults is a dangerous environment.

81.     Ringling School District was a dangerous environment for its students, including Plaintiffs herein.

82.     Ringling School District and activities sponsored by and under the supervision and control of the Ringling School District were dangerous environments for its students, including Plaintiffs herein.

83.     Plaintiffs were members of a limited and specifically definable group, namely, minor male student football athletes that were being subjected to racism, physical, mental, emotional, sexual abuse, psychological abuse, harassment, discrimination, and threats of violence.

84.     Ringling School District created the danger or increased Plaintiffs' vulnerability to the danger by effectively ignoring the toxic culture Philip Koons, Sterling Koons, Cooper Koons, and Kent Southward fostered and maintained.

85.     Ringling School District's conduct put Plaintiffs, and others like them, at substantial risk of serious, immediate, and proximate harm. That risk included the risk of being physically, mentally, and sexually abused while at Ringling School and during school activities.

86.     Plaintiffs, and other students, were abused by the named individual Defendants *after* Ringling School District had notice of Philip Koons's prior misconduct.

87. The risk of danger was obvious and known to Ringling School District, including the Superintendent, due to disclosure of Koons's prior misconduct even before he was hired and continually throughout his tenure.

88. Ringling School District's actions and inactions created an opportunity for the named individual Defendants to continue to abuse students, including Plaintiffs, and possibly other students, as those actions stripped necessary aid from Plaintiffs and others. Reporting the misconduct to law enforcement and/or victims' parents could have enabled law enforcement, regulatory bodies like DHS or the OSDE, or parents to have protected Plaintiffs, and other students, from this behavior, including by removing the named Defendants from Ringling School District, removing Plaintiffs and/or other students from Ringling School District, or otherwise preventing the named individual Defendants from further access to Ringling students, including Plaintiffs herein.

89. Ringling School District acted recklessly in conscious disregard of this risk.

90. Ringling School District's conduct shocks the conscience.

91. Ringling School District's and its officials' failings as described above resulted in Plaintiffs and other students suffering severe emotional distress, psychological damage, significant pain and suffering, and/or personal humiliation.

WHEREFORE Plaintiffs # 1-9 pray for judgment against Defendant Ringling School District as follows:

(1) For their actual damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00);

(2) For a reasonable attorney's fee;

(3)     For court costs;

(4)     For pre-judgment and post-judgment interest as allowed by law; and

(5)     For any other such and further relief as the Court or jury deems just and equitable that is allowed by law and justified by the factual record.

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT RINGLING SCHOOL DISTRICT**
<u>**VIOLATION OF TITLE IX**</u>

92.     Plaintiffs incorporate by reference the above and foregoing paragraphs as though set forth in full herein.

93.     Plaintiffs assert this cause of action against Defendant Ringling School District only.

94.     Title IX of the Education Amendments Act of 1972 ("Title IX") provides that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

95.     Defendant Ringling School District is an educational institution that receives Federal financial assistance. Therefore, Defendant Ringling School District has an obligation to comply with the terms and provisions of Title IX.

96.     Physical, psychological, and sexual abuse of male students are forms of discrimination on the basis of sex and are actionable claims under Title IX. *Franklin v. Gwinnett County Pub. Schools,* 503 U.S. 60, 75 (1992).

97.    Defendant Ringling School District was deliberately indifferent to acts of physical abuse, psychological abuse, sexual abuse, harassment, sexual harassment, and/or discrimination as set forth herein.

98.    Defendant Ringling School District employees had actual knowledge of the abuse, harassment and/or discrimination, as set forth herein.

99.    The employees who had actual knowledge of the abuse and harassment had the authority to take corrective action to end the unlawful conduct yet did not do so.

100.    The abuse, harassment, and/or discrimination suffered by Plaintiffs was so severe, pervasive, and objectively offensive that it deprived each of them of access to the educational benefits or opportunities provided by the school.

101.    As a direct and proximate result of Defendant Ringling School District violations of Title IX, Plaintiffs have endured physical pain and suffering, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, inconvenience, loss of enjoyment of life, and other nonpecuniary losses, all to their detriment, in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE Plaintiffs pray for judgment against Defendant Ringling School District as follows:

(1)    For their actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in an amount to be determined by the jury at the time of trial;

(2)    For a reasonable attorney's fee;

(3)    For court costs;

(4)    For pre-judgment and post-judgment interest as allowed by law; and

(5)    For any other such and further relief as the Court or jury deems just and

equitable that is allowed by law and justified by the factual record.

**THIRD CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL SCHOOL EMPLOYEE DEFENDANTS**
**GROSS NEGLIGENCE UNDER OKLAHOMA COMMON LAW**

102.    Plaintiffs incorporate by reference the above and foregoing paragraphs as

though set forth in full herein.

103.    Plaintiffs # 1-9 assert this cause of action against Defendants Philip Koons,

Kent Southward, Sterling Koons, and Cooper Koons only.

104.    Defendants Philip Koons, Kent Southward, Sterling Koons, and Cooper

Koons owed the Plaintiffs a legal duty to provide a safe educational environment free from

abuse, assault, harassment, and predatory behavior by its teachers and coaches. *J.W. v.*

*Independent Sch. Dist. No. 10 of Dewey Cnty.*, 2021 OK CIV APP 34, 500 P.3d 649.

105.    Defendants breached their duty to the Plaintiffs because they each failed to

provide Plaintiffs with a safe educational environment free from abuse, assault,

harassment, and predatory behavior.

106.    Defendants' actions were grossly negligent and outside the course and scope

of their employment.

107.    Defendants' actions were taken in reckless disregard of Plaintiffs' rights and

as such Plaintiffs are entitled to punitive and exemplary damages against these Defendants.

108.    As a direct and proximate result of these Defendant's gross negligence,

Plaintiffs # 1-9 have endured physical pain and suffering, mental anguish and emotional

distress, sleeplessness, anxiety, humiliation, embarrassment, inconvenience, loss of enjoyment of life, and other nonpecuniary losses, all to their detriment in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00).

WHEREFORE Plaintiffs # 1-9 pray for judgment against Defendants Philip Koons, Kent Southward, Sterling Koons, and Cooper Koons as follows:

(1)    For their actual damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) in an amount to be determined by the jury at the time of trial;

(2)    For punitive and exemplary damages in an amount to be determined by the jury at the time of trial;

(3)    For a reasonable attorney's fee;

(4)    For court costs;

(5)    For pre-judgment and post-judgment interest as allowed by law; and

(6)    For any other such and further relief as the Court or jury deems just and equitable that is allowed by law and justified by the factual record.

## FOURTH CAUSE OF ACTION
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

109.    Plaintiffs incorporate by reference the above and foregoing allegations as though set forth in full herein.

110.    This count is brought by Plaintiffs # 1 – 9 against Defendants Philip Koons, Kent Southward, Sterling Koons, and Cooper Koons only.

111.     Defendants Philip Koons, Kent Southward, Sterling Koons, and Cooper Koons acted intentionally or recklessly.

112.     Defendants Philip Koons, Kent Southward, Sterling Koons, and Cooper Koons's conduct was extreme and outrageous.

113.     Defendants Philip Koons, Kent Southward, Sterling Koons, and Cooper Koons's conduct caused the Plaintiffs' emotional distress.

114.     The resulting emotional distress was severe.

WHEREFORE Plaintiffs # 1-9 pray for judgment against Defendants Philip Koons, Kent Southward, Sterling Koons, and Cooper Koons as follows:

(1)     For their actual damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) in an amount to be determined by the jury at the time of trial;

(2)     For punitive and exemplary damages in an amount to be determined by the jury at the time of trial;

(3)     For a reasonable attorney's fee;

(4)     For court costs;

(5)     For pre-judgment and post-judgment interest as allowed by law; and

(6)     For any other such and further relief as the Court or jury deems just and equitable that is allowed by law and justified by the factual record.

Dated this 10th day of June 2024.

Respectfully submitted,

*s/Cameron Spradling*
Cameron Spradling, OBA No. 8509
**CAMERON SPRADLING, PLLC**
500 North Walker Ave., Suite 100
Oklahoma City, OK 73102
Telephone: (405) 605-0610
Facsimile: (405) 605-0615
Cameron@CameronSpradling.com

TOD S. MERCER, OBA #14157
**MERCER LAW FIRM, P.C.**
500 East Choctaw Avenue
McAlester, Oklahoma 74501
Phone: (918) 420-5850
Fax: (918) 420-5855
Tod@TodMercerLaw.com

ATTORNEYS FOR PLAINTIFFS

JURY TRIAL DEMANDED.

ATTORNEY LIEN CLAIMED.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 10th day of June 2024.

*/s/ Cameron Spradling*
Cameron Spradling