IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| B.L., a minor, by and through BRANDON LYLE and SUSAN LYLE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 24-cv-00037-JD |
| vs. | ) ) | |
| INDEPENDENT SCHOOL DISTRICT NO. 14 OF JEFFERSON COUNTY, OKLAHOMA, a/k/a RINGLING PUBLIC SCHOOLS, a/k/a RINGLING SCHOOL DISTRICT, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER OF PHILIP KOONS TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW the Defendant, Philip Koons, and for his Answer to the Plaintiffs' First Amended Complaint on file herein denies each and every allegation contained therein unless the same is specifically hereinafter admitted.

1. This answering Defendant lacks sufficient information to form a belief as concerns this allegation and the same is therefore denied.

2. This answering Defendant lacks sufficient information to form a belief as concerns this allegation and the same is therefore denied.

3. This answering Defendant lacks sufficient information to form a belief as concerns this allegation and the same is therefore denied.

4. The averments set forth herein make no allegation as concerns this answering Defendant and, therefore, no response thereto is necessary.

5. This answering Defendant admits that he served as a Principal and as a Head Football Coach of Ringling High School during his tenure of employment with the Defendant School District. This Defendant admits that he is a citizen of the State of Oklahoma and that his residence falls within the boundaries of the jurisdiction of this Court. This answering Defendant denies the remainder of the averments set forth herein as stated and demands strict proof thereof.

6. This Defendant admits that the Defendant Southward is the Superintendent of the School District and its Title IX coordinator. This Defendant denies the remainder of the allegations.

7. This Defendant admits that Sterling Koons is his son and that Sterling served as a Teacher and Assistant Football Coach. This Defendant denies the remainder of the allegations contained herein.

8. This Defendant admits that Cooper Koons is his son and that he served as a Teacher and Assistant Football Coach. This Defendant denies the remainder of the allegations contained herein and demands strict proof thereof.

9. This Defendant admits the allegations contained herein. This Defendant denies any liability to these Plaintiffs.

10. This Defendant admits the allegations contained herein. This Defendant denies any liability to these Plaintiffs.

11. This Defendant admits that Erin Koons is the wife of Sterling Koons. This Defendant admits that Erin Koons is a citizen of Oklahoma and a resident of this district.

This Defendant denies the remainder of the allegations and denies any liability to these Plaintiffs.

12. The averments set forth herein make no allegation against this answering Defendant. No response thereto is necessitated. Should it be determined that some averment as concerns this answering Defendant is contained herein, this answering Defendant denies same and demands strict proof thereof.

13. This answering Defendant admits that this Court has jurisdiction and venue of the federal claims alleged against the School District in this matter. This answering Defendant denies any liability to the Plaintiffs as a result of these facts.

14. This answering Defendant denies the allegations as set forth herein and demands strict proof thereof.

15. This answering Defendant denies the averments as set forth herein.

16. The allegation set forth herein makes no claim as concerns this answering Defendant and, therefore, no response thereto is necessary. This answering Defendant denies any liability to Plaintiffs herein.

17. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

18. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

19. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

20. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

21. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

22. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

23. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

24. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

25. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

26. This answering Defendant admits that he was employed by the Clinton Public Schools. This answering Defendant denies the remainder of the averments and legal conclusions as set forth herein and demands strict proof thereof.

27. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

28. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

29. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

30. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

31. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

32. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

33. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

34. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

35. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

36. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

37. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

38. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

39. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

40. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

41. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

42. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

43. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

44. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

45. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

46. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

47. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

48. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

49. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

50. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof.

51. This answering Defendant denies the averments and legal conclusions as set forth herein and demands strict proof thereof. This Defendant admits that allegations were made which were investigated by the OSBI. This Defendant denies any liability to Plaintiffs resulting from these facts.

52. This answering Defendant admits that he was charged with a misdemeanor offense.

53. This answering Defendant admits that he was charged with a misdemeanor offense.

54. Denied. This answering Defendant denies the averments and legal conclusions as set forth herein, denies any liability to the Plaintiffs herein, and demands strict proof thereof.

55. Denied. This answering Defendant denies the averments and legal conclusions as set forth herein, denies any liability to the Plaintiffs herein, and demands strict proof thereof.

56. The averments set forth herein make no allegations as concerns this answering Defendant and, therefore, no response thereto is necessary. In the event that it should be determined that some allegation as concerns this answering Defendant is set forth herein then, and in that event, this answering Defendant denies same and demands strict

proof thereof. This answering Defendant denies any liability as concerns the Plaintiffs herein.

57. This Defendant denies Plaintiffs' allegations of misconduct as alleged herein. This Defendant further denies any liability to any Plaintiff herein. This Defendant admits that the jobs of Principal and Head Football Coach were within the course and scope of his employment.

58. Denied. This answering Defendant denies the averments and legal conclusions as set forth herein, denies any liability to the Plaintiffs herein, and demands strict proof thereof.

59. Denied. This answering Defendant denies the averments and legal conclusions as set forth herein, denies any liability to the Plaintiffs herein, and demands strict proof thereof.

60. The averments set forth herein make no allegations as concerns this answering Defendant and, therefore, no response thereto is necessary. In the event that it should be determined that some allegation as concerns this answering Defendant is set forth herein then, and in that event, this answering Defendant denies same as stated and demands strict proof thereof. This answering Defendant denies any liability as concerns the Plaintiffs herein.

61. Denied. This answering Defendant denies the averments and legal conclusions as set forth herein, denies any liability to the Plaintiffs herein, and demands strict proof thereof.

62. This answering Defendant denies the averments and legal conclusions set forth herein and demands strict proof thereof.

### FIRST CAUSE OF ACTION
### AGAINST DEFENDANT RINGLING SCHOOL DISTRICT
### VIOLATION OF FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

63. This answering Defendant readopts and realleges its responses to allegations 1-62 above as if fully set forth herein.

64. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein.

65. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein. To the extent that Plaintiffs claim this Defendant deprived them of Due Process or Equal Protection, this Defendant denies same.

66. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies

any liability as concerns the Plaintiffs herein. To the extent that Plaintiffs claim this Defendant deprived them of Due Process or Equal Protection, this Defendant denies same.

67. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein. To the extent that Plaintiffs claim sexual harassment or sexual assault by this Defendant, it is denied.

68. This paragraph does not assert any allegations against this Defendant, and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein.

69. Denied. This Defendant demands strict proof thereof.

70. Denied. This Defendant demands strict proof thereof.

71. This Defendant denies the averments and legal conclusions contained herein.

72. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein.

73. Denied. This Defendant demands strict proof thereof.

74. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein.

75. Denied. This Defendant demands strict proof thereof.

76. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein.

77. Denied. This Defendant demands strict proof thereof.

78. Denied. This Defendant demands strict proof thereof.

79. Denied. This Defendant demands strict proof thereof.

80. This Defendant denies the averments and legal conclusions as set forth herein, and denies any liability to the Plaintiffs herein.

81. Denied. This Defendant demands strict proof thereof.

82. Denied. This Defendant demands strict proof thereof.

83. Denied. This Defendant demands strict proof thereof.

84. Denied. This Defendant demands strict proof thereof.

85. Denied. This Defendant demands strict proof thereof.

86. This answering Defendant denies the allegations and the legal conclusions set forth herein and demands strict proof thereof. This Defendant denies any liability as concerns the Plaintiffs herein.

87. Denied. This Defendant demands strict proof thereof.

88. Denied. This Defendant demands strict proof thereof.

89. Denied. This Defendant demands strict proof thereof.

90. Denied. This Defendant demands strict proof thereof.

91. Denied. This Defendant demands strict proof thereof. Further, this Defendant denies liability for any alleged injuries and/or damages claimed by Plaintiffs.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT RINGLING SCHOOL DISTRICT
## VIOLATION OF TITLE IX

92. This answering Defendant readopts and realleges its responses to allegations 1-91 above as if fully set forth herein.

93. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein. This Defendant denies any allegation of violation of any rights under Title IX.

94. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein. This Defendant denies any allegation of violation of any rights under Title IX.

95. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein. This Defendant denies any allegation of violation of any rights under Title IX.

96. Any claims asserted herein are not asserted as against this answering Defendant and, therefore, no response thereto is necessary. To the extent that any allegations are set forth herein making any allegation as concerns this answering Defendant, this answering Defendant denies same, demands strict proof thereof, and denies any liability as concerns the Plaintiffs herein. This Defendant denies any allegation of violation of civil rights under Title IX.

97. Denied. This Defendant demands strict proof thereof.

98. Denied. This Defendant demands strict proof thereof.

99. This answering Defendant denies any abuse or harassment as alleged herein and demands strict proof thereof.

100. Denied. This Defendant demands strict proof thereof.

101. Denied. This Defendant demands strict proof thereof. Further, this Defendant denies liability for any alleged injury and/or damages claimed by Plaintiffs.

**THIRD CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL SCHOOL EMPLOYEE DEFENDANTS**
**GROSS NEGLIGENCE UNDER OKLAHOMA COMMON LAW**

102. This answering Defendant readopts and realleges its responses to allegations 1-101 above as if fully set forth herein.

103. The Plaintiffs make no allegation as concerns this Defendant. This Defendant denies Plaintiffs' claims of gross negligence and demands strict proof thereof.

104. This Defendant denies any averment and/or any legal conclusion contained in this paragraph and demands strict proof thereof.

105. This answering Defendant denies the averments and legal conclusions set forth herein and demands strict proof thereof.

106. This answering Defendant denies the averments and legal conclusions set forth herein and demands strict proof thereof.

107. This answering Defendant denies the averments and legal conclusions set forth herein and demands strict proof thereof.

108. This answering Defendant denies the averments and legal conclusions set forth herein and demands strict proof thereof. Defendant further denies that Plaintiffs are entitled to relief as alleged.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

109. This answering Defendant readopts and realleges its responses to allegations 1-108 above as if fully set forth herein.

110. This paragraph makes no allegation as concerns this Defendant. This Defendant denies Plaintiffs' claims of intentional infliction of emotional distress and demands strict proof thereof.

111. This answering Defendant denies the averments set forth herein by the Plaintiffs and demands strict proof thereof.

112. This answering Defendant denies the averments set forth herein by the Plaintiffs and demands strict proof thereof.

113. This answering Defendant denies the averments set forth herein by the Plaintiffs and demands strict proof thereof.

114. This answering Defendant denies the averments set forth herein by the Plaintiffs and demands strict proof thereof. This Defendant further denies that Plaintiffs are entitled to any relief as alleged.

## AFFIRMATIVE AND RELATED DEFENSES

1. That Plaintiffs' First Amended Compliant on file herein fails to state a claim upon which relief may be granted.

2. That the answering Defendant herein is immune from suit and damages under the Doctrine of Qualified Immunity.

3. That the conduct of the Defendant herein did not cause a violation of any Plaintiff's constitutional rights or any other right protected by Federal Law.

4. That the answering Defendant herein did not deliberately or otherwise treat any Plaintiff differently on the basis of sex, any other prohibited basis, or in violation of the rights of a protected group or class.

5. That the answering Defendant did not, in his interactions and dealings with any Plaintiff herein deliberately, intentionally, or with indifference, breach any of the rights of any Plaintiff herein.

6. That Plaintiffs' claims are barred by the statute of limitations.

7. That to the extent that Plaintiffs herein have failed to mitigate their damages this Defendant is not liable.

8. That no action of this Defendant would rise to the level of shocking the conscience.

9. That the Plaintiffs' claims asserted under 42 U.S.C. § 1983 are barred to the extent they are predicated on acts of negligence. This answering Defendant admits no negligence in this matter and demands strict proof thereof.

10. That this answering Defendant, at no time, harassed, abused, discriminated, engaged in racist activities, sexism, physical abuse, mental abuse, sexual abuse, or

discrimination of any kind or basis, did not engage in any criminal misconduct, did not bully, did not mentally, physically, verbally, or sexually, abuse any of the Plaintiffs herein.

11. That the Defendant herein did not mistreat, or deal with any of the Plaintiffs herein in an inappropriate manner.

12. That the Defendant herein did not breach any duty owed to any Plaintiff herein or engaged in any conduct that directly or proximately caused injury to any Plaintiff herein.

13. That Plaintiffs' claimed injuries herein, which are denied and strict proof thereof required, are barred to the extent that they were the result of intervening or superseding causes or were which this answering Defendant had no control or for acts or omissions for which this Defendant was not responsible. This answering Defendant's conduct and interactions with the Plaintiffs herein were undertaken in good faith and without gross negligence.

14. That the Plaintiffs herein are not legally entitled to recover attorney fees based upon any state law claim.

15. That the answering Defendant herein neither recklessly disregarded nor was callously or deliberately indifferent to the rights of any Plaintiff herein.

16. That this answering Defendant properly discharged any duty relating to any Plaintiff herein and did not engage in any conduct that would shock the conscience of the Court or Juror.

17. That this answering Defendant's conduct and interactions as concerns the Plaintiffs herein were neither extreme, outrageous, atrocious, utterly intolerable, beyond the bounds of decency, or in any nature actions that would form the basis for the allegation of intentional infliction of emotional distress.

18. That the Defendant's conduct and interaction with the Plaintiffs herein did not severely traumatize or cause severe emotional distress.

19. That pursuant to Tit. 51 O.S. § 163(C) this answering Defendant is immune from suit for negligence as he properly and in good faith discharged his duty and relation to the Plaintiffs herein within the scope of his employment with the School District herein and did not act with gross negligence, willfully, wantonly, intentionally, or recklessly.

20. That the Plaintiffs herein failed to state a claim for negligence under state law to the extent they were required, but failed to, provide proper notification of their claims under the Tort Claims Act, or otherwise comply with any procedural requirements or conditions precedent to suit imposed under the Tort Claims Act.

21. That this answering Defendant is not responsible for any injury or damage claimed by the Plaintiffs which may have arisen from the acts of others.

22. That the actions of others, over whom this answering Defendant had no responsibility or control, if found, constitute intervening or superseding causes barring recover as against this answering Defendant.

23. That the Plaintiffs herein failed to state a claim for punitive damages under federal or state law as concerns this answering Defendant.

24. That any request for punitive damages under state law, and specifically Oklahoma Statute Tit. 23 O.S. § 9.1, are barred as Oklahoma's punitive damage statute is unconstitutional.

25. This answering Defendant reserves the right to add, remove, modify, or supplement its affirmative defenses as discovery warrants or as otherwise allowed by law or this Court.

26. That this Defendant specifically denies any liability to the Plaintiffs herein.

27. That this Defendant, to the extent of immunity for suit or damage of the Defendant School District, is also immune under the Oklahoma Tort Claims Act.

28. Plaintiffs have failed to comply with the provisions of the Oklahoma Government Tort Claims Act.

29. This Defendant demands trial by Jury.

WHEREFORE, having fully answered, this Defendant respectfully requests that the Court deny any and all relief sought against it in the First Amended Complaint, that judgment be entered in his favor, and grant this answering Defendant any relief to which he is entitled under law and equity, including attorney's fees and expenses.

Respectfully submitted,

s/Rodney C. Ramsey_____
Rodney C. Ramsey, OBA #10450
**RAMSEY AND GRAY, P.C.**
101 N. Robinson Ave., Ste. 725
Oklahoma City, OK 73102-5524
Telephone: (405) 239-2393
Email: rramsey@ramseygraypc.com
*Attorney for Defendants*

-and-

s/ Peter A. Erdoes_____
(Signed by Filing Attorney with permission of Attorney)
Peter A. Erdoes, OBA #11298
**ERDOES P.C.**
21 E. Main St., Ste. 101
Oklahoma City, OK 73104-2400
(405) 232-3533
peter@erdoespc.com
*Attorneys for Sterling Koons and Cooper Koons*

## CERTIFICATE OF SERVICE

I certify that on the 24th day of June 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Rodney C. Ramsey_____
Rodney C. Ramsey