IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| B.L., a minor by and through BRANDON LYLE and SUSAN LYLE; ELYJAH PERKINS, individually; K.L., a minor by and through SAMANTHA COE; HUNTER STEPHENS, individually; KYLE SIMMONS, individually; KAEDON WADE, individually; CONNOR LONGEST, individually; H.R., a minor by and through CRAIG ROBERTS; and KARSON DANIEL, individually, <br><br>                     Plaintiffs, <br><br> v. <br><br> INDEPENDENT SCHOOL DISTRICT NO. 14 OF JEFFERSON COUNTY, OKLAHOMA, also known as Ringling Public Schools, also known as Ringling School District; PHILIP KOONS, individually; KENT SOUTHWARD, individually; STERLING KOONS, individually; and COOPER KOONS, individually, <br><br>                     Defendants. | Case No. CIV-24-00037-JD |

# ORDER

Before the Court is Defendant Philip Koons's Emergency Motion to Stay Deposition ("Motion"). [Doc. No. 73]. Koons requests that the Court stay the taking of his deposition in this case until a parallel state criminal proceeding, *State v. Koons*, Case No. CM-2023-00053 (Dist. Ct. Jefferson Cnty., Okla.), is resolved. That case is currently set for trial beginning September 15, 2025. Motion at 2. Plaintiffs filed a response in

opposition ("Response"). [Doc. No. 75]. For the following reasons, the Court grants the Motion in part.

## BACKGROUND

On October 17, 2023, the State of Oklahoma charged Mr. Koons with one count of outraging public decency. *State v. Koons*, Case No. CM-2023-00053 (Dist. Ct. Jefferson Cnty., Okla.). On January 10, 2024, Plaintiffs—who "are young men and are current or former students of Ringling Public Schools that played football for Philip Koons"—filed this action, alleging that Koons "mentally, physically, verbally and sexually abused" them, "hazed, bullied, humiliated and harassed" them, and violated their civil rights. [Doc. No. 1 ¶¶ 2, 19–21]. According to Koons, his state criminal charge "arise[s] from the same alleged facts" set forth in Plaintiffs' complaint. Motion at 2. Plaintiffs later filed an amended complaint, raising claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments Act of 1972 against Defendant Independent School District No. 14 of Jefferson County, a/k/a Ringling Public Schools a/k/a Ringling School District. [Doc. No. 20 ¶¶ 64–101]. Plaintiffs also bring claims of gross negligence and intentional infliction of emotional distress against Defendants Philip Koons, Kent Southward, Sterling Koons, and Cooper Koons. *Id.* ¶¶ 102–114.

Defendant Philip Koons originally pleaded no contest to the criminal charge against him in state court, but he later withdrew his plea. *State v. Koons*, Case No. CM-2023-00053 (Dist. Ct. Jefferson Cnty., Okla.). The case was set for jury trial to begin on February 10, 2025, but it was continued to the trial docket beginning September 15, 2025. *Id.* In the present action, there is a judicial settlement conference scheduled for

September 24, 2025, and the parties have until November 3, 2025, to complete discovery. [Doc. No. 71 at 2; Doc. No. 72]. According to Plaintiffs, Koons's deposition in this case is scheduled for July 30, 2025. Response at 2.

Koons argues that the subject matter of this proceeding and the criminal proceeding overlaps so completely that he would suffer significant prejudice if made to sit for a deposition in this case before the criminal case against him is resolved. Motion at 5–7. Koons contends that he would face substantial prejudice "if forced to choose between potentially making incriminating statements during the civil proceedings or having an adverse inference drawn from the invocation of his Fifth Amendment rights." *Id.* at 8. In contrast, Koons asserts that "a stay will not create any prejudice to the Plaintiffs" because he only seeks to stay his own deposition, so "[d]iscovery[] can move forward through other witnesses and parties." *Id.* "Simply deferring this single deposition will not present unnecessary delay of the progression of the matter as a whole," and "the public's interest in these matters is being advanced in the matter filed in Jefferson County, Oklahoma," so Koons argues that a stay would not hinder the interests of the Court or the public. *Id.* at 9.

Plaintiffs oppose Koons's request for a stay. They argue that the Motion "is improperly styled as an 'emergency' motion" because Koons "has known that Plaintiffs wanted to take his deposition since at least June 17, 2025," and he "waited until 48 hours before his deposition to raise his 'emergency' with the Court." Response at 2, 4. Further, Plaintiffs argue that Koons is engaging in "gamesmanship" because he has deposed five of the plaintiffs and listed their deposition transcripts as exhibits in his criminal case, but

3

"[n]ow that it is his turn to sit for a deposition" he "claims it is unfair." *Id.* at 1. Plaintiffs also argue that they are likely to be prejudiced by a stay because a stay could result in further delays to the judicial settlement conference scheduled for September 24, 2025. *Id.* at 7.

## DISCUSSION

If "even a fair possibility" exists that a stay would damage another party, the party moving for a stay must show "a clear case of hardship or inequity." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Id.* Indeed, "'[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.'" *Id.* (quoting *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)). A district court nevertheless "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). And that discretion may be exercised to stay civil proceedings in deference to a parallel criminal prosecution when the interests of justice seem to require such action. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Creative Consumer Concepts*, 563 F.3d at 1080.

When a party requests a stay pending resolution of a parallel criminal proceeding, a district court "must consider the extent to which a party's Fifth Amendment rights are implicated." *Id*. Other considerations include the need "to prevent either party from

taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* at 1080–81 (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980)).

In determining whether a stay is appropriate, courts often consider the following:

(1) The extent to which issues in the criminal case overlap with those presented in the civil case;
(2) The status of the case, including whether the defendant has been indicted;
(3) The private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay;
(4) The private interests of, and burden on, the defendant;
(5) The interests of the Court; and
(6) The public's interest.

*In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236–37 (N.D. Okla. 2003).

Having considered each of these factors, the Court concludes that the interests of justice require a temporary stay of the deposition of Philip Koons in this action. The first factor weighs in favor of a stay, as there is substantial overlap between the criminal case against Mr. Koons and this case. The same alleged conduct forms the foundation of Plaintiffs' claims in this case and the criminal charge in the state prosecution against Mr. Koons.

Additionally, the status of this case and the criminal prosecution weigh in favor of a stay. Mr. Koons's criminal prosecution is ongoing, with a trial date set for September 15, 2025. Discovery in this case does not close until November 3, 2025, so the parties should have time after the completion of the criminal trial to depose Mr. Koons and pursue any additional discovery before the deadline runs. Thus, resolution of the criminal case should occur in the near future, and the likelihood of significant delay in this case is

5

low. Although it is possible that Koons's criminal prosecution (or related appeal) could be delayed beyond September 15, 2025, that possibility can be addressed by considering the need for a longer stay or alternative measures at a later date, if necessary.

The remaining factors speak to the interests of the parties, the Court, and the public. In this case, the interests of the Court do not weigh strongly either for or against a stay. Although the Court has a strong interest in the prompt resolution of civil cases, it also has an interest in securing a just and inexpensive determination of every action. *See* Fed. R. Civ. P. 1. To that end, a stay pending resolution of the criminal case "may (1) increase the possibility of settlement of the civil case, and (2) 'may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution[s] can later be used in the civil action.'" *Hilda M. v. Brown*, Civil Action No. 10-cv-02495-PAB-KMT, 2010 WL 5313755, at *6 (D. Colo. Dec. 20, 2010) (quoting *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995)). The public also has an interest in the prompt resolution of civil cases, but the Court finds that the ongoing criminal prosecution against Koons adequately advances and protects the public's interest in bringing him to account for any wrongdoing. Thus, the public's interest only marginally weighs against a stay.

Finally, while Plaintiffs plainly have a strong interest in the expeditious resolution of their claims, the Court finds that this interest is outweighed by Koons's interest in a stay. On the one hand, the potential delay is relatively short and limited only to the deposition of Mr. Koons. Thus, the risk is low that Plaintiffs will be prejudiced during a stay as a result of fading memories or lost evidence. Conversely, the risk to Koons in

choosing between waiving his Fifth Amendment privilege and effectively forfeiting this civil suit is considerable. *See Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). "While the Court recognizes that 'stays of the normal proceedings . . . should be the exception rather than the rule' even in the face of this constitutional dilemma, the potential prejudice to [Koons] outweighs that to [Plaintiffs] at this time." *Curry v. Gonzales*, No. CIV 20-0116 RB/SCY, 2021 WL 1060770, at *3 (D.N.M. Mar. 18, 2021) (internal citation omitted) (quoting *Hilda M.*, 2010 WL 5313755, at *3); *see also Trustees of Plumbers*, 886 F. Supp. at 1140 ("This is particularly true where the subject matter of both cases overlaps to a significant degree and the Criminal Case is expected to be resolved by the end of this year."). Under these circumstances—where Koons's risk of self-incrimination is high and the delay caused by the criminal proceedings is potentially short—the Court finds that a temporary stay is warranted.

The Court acknowledges—and agrees with—Plaintiffs' argument that the Motion is not accurately styled as an "emergency" motion. Plaintiffs indicate that they formally noticed Mr. Koons's deposition on July 8, 2025, but he did not file the Motion until July 28, 2025, two days before the deposition scheduled for July 30, 2025. Mr. Koons provides no justification for this delay in filing. While the Court does not look favorably on this delay and strongly discourages similar delays in future filings, the interests of justice nevertheless require a limited stay in these circumstances.

However, the Court declines to stay the taking of Mr. Koons's deposition indefinitely until his criminal case is resolved. Because his criminal trial is set to begin September 15, the Court finds that a stay until October 1, 2025, is appropriate.

7

## **CONCLUSION**

After balancing the competing interests at stake, the Court finds that a temporary stay of Philip Koons's deposition is appropriate. The Court therefore GRANTS the Motion IN PART and AS MODIFIED.

IT IS ORDERED that Philip Koons's deposition is STAYED until **October 1, 2025**.

The parties are directed to file, on or before October 1, 2025, a joint notice as to the status of the criminal proceeding. If the criminal proceeding is finally resolved before then or if the parties resolve this action before then, the parties are directed to advise the Court immediately. If Mr. Koons seeks to extend the taking of his deposition past October 1, 2025, he will need to file the requisite motion and address the six factors outlined above. Koons will also need to indicate if Plaintiffs oppose a further stay.

IT IS SO ORDERED this 29th day of July 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE